## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

KENNETH K. MILLER,

     Plaintiff,

     v.

LIVE NATION WORLDWIDE, INC.,
and
NOBLE ASSOCIATES WORLDWIDE, INC.,

     Defendants.

Civil Action No. TDC-14-2697

## MEMORANDUM OPINION

Before the Court in this personal injury action is Plaintiff Kenneth K. Miller's Motion to Strike Defendant Live Nation's Answer. ECF No. 7. For the reasons set forth below, that motion is DENIED.

## BACKGROUND

On May 4, 2012, Plaintiff Kenneth K. Miller ("Miller") attended a rock concert at The Fillmore, a Silver Spring, Maryland concert venue owned and operated by Live Nation Worldwide, Inc. ("Live Nation"). Compl., ECF No. 1 at 1-2. Security for the May 4, 2012 concert was provided by Noble Associates Worldwide, Inc. ("Noble"). *Id.* ¶ 11. There were "several clearly visible signs" at the venue stating that "crowd surfing [would be] prohibited" at the event. *Id.* ¶ 10 (brackets in original). However, Miller contends that once the concert was underway, security personnel not only failed to stop crowd surfing, but actually "encouraged more crowd surfing." *Id.* ¶ 16. According to Miller, a crowd surfer fell and hit him from behind, breaking Miller's back and leading to "serious permanent injuries." *Id.* at 2 & ¶ 21.

On August 21, 2014, Miller filed a Complaint, ECF No. 1, with this Court alleging that his injuries were the direct result of Live Nation's and Noble's negligence in managing and securing the May 4, 2012 concert. Miller further contends that all of his injuries "were caused exclusively by the negligence" of Defendants, and that he "did not assume the risks of crowd surfing." *Id.* ¶¶ 33-34.

On September 17, 2014, Live Nation filed an Answer to Miller's Complaint, ECF No. 3, generally denying Miller's allegations of negligence and asserting ten defenses.[1]  Of relevance here, Live Nation's seventh, eighth, and ninth defenses are, respectively, that "Plaintiff's claims are barred by assumption of the risk," "Plaintiff's claims are barred by contributory negligence," and "Plaintiff's claims are barred by the applicable statute of limitations." Ans. at 2. In factual averments following the defenses, Live Nation admits that the concert took place on the date and at the location Miller alleged, "admits that it posted several clearly visible signs indicating that crowd surfing was prohibited," but denies Miller's assertion that the "signs specifically stated that 'crowd surfing [would be] prohibited.'" *Id.* at 2 & ¶ 10. Live Nation also "admits that, among other things, Noble … was contracted to enforce the prohibition on crowd surfing." *Id.* ¶ 11.

On September 29, 2014, Miller filed a Motion to Strike Live Nation's Answer in which he seeks, pursuant to Federal Rule of Civil Procedure 12(f), to strike specifically the seventh, eighth, and ninth defenses. ECF No. 7. Noting that these are affirmative defenses, Miller asserts that they are subject to the more stringent pleading standards laid out by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Miller argues that under the *Iqbal/Twombley* standard, Live Nation was required to plead its

---

[1] On September 30, 2014, Noble filed its Answer to Miller's Complaint. ECF No. 8. That pleading is not at issue here.

affirmative defenses with enough factual particularity to "ensure that an opposing party receives fair notice of the factual basis" for the defense, something that, in Miller's estimation, Live Nation failed to do. Mot. Strike at 3 (quoting *Bradshaw v. Hilco Receivables*, LLC, 725 F. Supp. 2d 532, 536 (D. Md. 2010)).

On October 16, 2014, Live Nation filed its Memorandum in Opposition to Miller's Motion to Strike. ECF No. 10. In that Opposition, Live Nation notes that courts "generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant." Opp. at 2 (quoting *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013)). In Live Nation's estimation, Miller has made no showing that he would be prejudiced by allowing Live Nation's affirmative defenses to stand as currently pleaded. Live Nation also points out that there is no consensus in the federal courts that the *Iqbal/Twombley* standard applies to affirmative defenses. *See id.* at 3-6.

On November 3, 2014, Miller filed a Reply Memorandum, ECF No. 13, in which he articulates the potential prejudice to him of allowing Live Nation's affirmative defenses to stand. As to the defenses of assumption of the risk and contributory negligence, Miller remarks that Live Nation has "apparently performed enough of an investigation to have a basis to assert these defenses," and argues that it "makes little sense" to force him "to sniff out" that basis in discovery. Reply at 2. As to Live Nation's statute of limitations defense, Miller asserts that the defense suggests that perhaps Miller has "named the wrong Live Nation entity," and Miller worries that without further details, Live Nation "is free to preserve its limitations defense, yet forestall discovery on the basis for that defense as long as possible." *Id.*

3

## DISCUSSION

Federal Rule of Civil Procedure 12(f) permits district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotation marks omitted). Whether affirmative defenses are subject to the pleading standards laid out by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) is an open question. Neither the Supreme Court nor the Fourth Circuit has addressed the issue, and the district courts within this Circuit are far from unanimous on the question. *Compare Haley Paint Co. v. E.I. Du Pont De Nemours & Co.,* 279 F.R.D. 331, 335–336 (D. Md. 2012) (*Iqbal/Twombly* standard applies), *and Aguilar v. City Lights of China Restaurant, Inc.,* No. DKC–11–2416, 2011 WL 5118325 at *2-4 (D. Md. Oct. 24, 2011) (same), *with Lockheed Martin,* 973 F. Supp. 2d at 593-95 (*Iqbal/Twombly* standard does not apply), *and Lopez v. Asmar's Mediterranean Food, Inc.,* No. 1:10cv1218, 2011 WL 98573 at *2 (E.D. Va. Jan. 10, 2011) (same).

In this District, courts that have applied the *Iqbal/Twombly* standard to affirmative defenses have underscored the importance of plaintiffs receiving fair notice of defendants' claims. *See, e.g., Aguilar*, 2011 WL 5118325 at *3. They have underscored as well the need for litigation efficiency, noting that unelaborated affirmative defenses can leave plaintiffs at a disadvantage in discovery. *See id.* Courts in this District that have declined to apply the *Iqbal/Twombly* standard have observed that defendants generally have far less time than

4

plaintiffs to craft their pleadings, so cannot be expected to develop their supporting facts in as much detail. *See, e.g., Lockheed Martin*, 973 F. Supp. 2d at 594.

This case, however, does not require the Court to enter into this nuanced debate. Because striking all or a portion of a pleading is such a "drastic remedy," *Waste Mgmt. Holdings*, 252 F.3d at 347, to succeed on a motion to strike an affirmative defense, plaintiffs must demonstrate that they will be prejudiced if the defense is not stricken. *See, e.g., Haley Paint*, 279 F.R.D. at 337 (denying motion to strike because "Plaintiffs have articulated no prejudice that would result from a denial of their motion"), and *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assoc., Ltd.*, No. CCB-11-1809, 2012 WL 2945489 at *5 (D. Md. July 17, 2012) ("Even if the [*Iqbal/Twombley*] pleading standards do apply, [plaintiff] has not demonstrated prejudice"). Miller fails to make such a showing here.

Assumption of the risk and contributory negligence are traditional affirmative defenses to a negligence action. Miller thus unsurprisingly anticipated Live Nation's strategy, taking pains in his Complaint to plead that he "did not assume the risks of crowd surfing" and that all of his injuries "were caused exclusively by the negligence" of Live Nation and Noble. Compl. ¶¶ 33-34. The fact that Miller expected these defenses illustrates that they are not based on facts far afield from the ones he himself pled. Live Nation's factual averments, while sparse, bear this out. Live Nation admits that it posted signs prohibiting crowd surfing, rejects Miller's version of the language of those signs, and admits that it hired Noble to enforce the crowd-surfing prohibition. *See* Ans. at 2 & ¶¶ 10-11. Live Nation thereby makes clear that these affirmative defenses are based squarely on what occurred at the concert. Miller's assertion that he is in the untenable and prejudicial position of having "to sniff out" hidden facts in discovery is therefore unpersuasive. Reply at 2.   What occurred at the concert will certainly be at the heart of

discovery, and Miller has adequate information about the events at the concert to enable him to craft effective discovery requests. *See Certain Underwriters*, 2012 WL 2945489 at *5 (denying motion to strike because the affirmative defenses were "traditional contract law defenses that do not stray far from addressing the prima facie case, and would not significantly affect the scope of discovery"), and *GN Hearing Care Corp. v. Advanced Hearing Centers, Inc.,* No. WDQ-12-3181, 2013 WL 4401230 at *1 (D. Md. Aug. 14, 2013) (denying motion to strike because plaintiff "can acquire … the necessary facts through discovery"). Miller therefore has not demonstrated that he will be prejudiced if the assumption of risk and contributory negligence defenses are not stricken.

As to Live Nation's statute of limitations defense, Live Nation admits that the concert took place on May 4, 2012, *see* Ans. at 2, and so provides the primary factual averment required for that defense. Although it is not clear how this date supports the conclusion that the statute of limitations bars this action, Miller has similarly failed to establish prejudice from the assertion of this defense. Miller suggests that this defense is an attempt to keep secret the proper Live Nation entity subject to suit while "forestalling discovery on the basis for that defense as long as possible." Reply at 2. To the extent Miller is arguing that the statute of limitations would prevent him from substituting a different defendant in place of Live Nation at a later date, Miller's anxiety is misplaced. If discovery were to reveal that Miller had sued the wrong Live Nation entity, Miller could amend his pleading, and that amendment would relate back to the date of his original Complaint. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) (providing that an amended Complaint relates back to the original Complaint when the party properly subject to suit "knew or should have known that the action would have been brought against it, but for a mistake

concerning the proper party's identity"). Miller therefore has not demonstrated that he will be prejudiced if the statute of limitations defense is not stricken.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike is DENIED. A separate Order follows.

Date: January 15, 2015

THEODORE D. CHUANG
United States District Judge