**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **KENNETH K. MILLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: CBD-14-2697** |
| | * | |
| | * | |
| **LIVE NATION WORLDWIDE, INC.,** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | ***** | |

**MEMORANDUM OPINION**

Before this Court is Defendant Noble Associates Worldwide, Inc.'s Motion for

Reconsideration of Order Denying Cross-Motion for Summary Judgment Against Defendant

Live Nation Worldwide, Inc. and Defendant Noble Associates Worldwide, Inc.'s Request for

Clarification of this Honorable Court's Memorandum Opinion (ECF No. 58) ("Noble's Motion

for Reconsideration") ("Noble's Motion for Clarification"), and Live Nation's Requests for

Judgment on the Pleadings (ECF No. 60) ("Live Nation's Motion").  The Court has reviewed

Noble's Motion for Reconsideration, Noble's Motion for Clarification, Live Nation's Motion,

related memoranda, and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6

(D. Md.).  For the reasons presented below, the Court **GRANTS** Noble's Motion for

Reconsideration and Noble's Motion for Clarification, and **DENIES** Live Nation's Motion.

### I.      Background

On February 1, 2016, the Court entered a Memorandum and Order (ECF Nos. 56, 57)

("February Memorandum") in which it granted Live Nation's motion for summary judgment

against Noble and denied: (1) Live Nation's motion for summary judgment as to Plaintiff's

claims, (2) Noble's motion for summary judgment as to Plaintiff's claims, and (3) Noble's cross-motion for summary judgment against Live Nation.   In its cross-motion, Noble argued that if the Court looked solely to the Services Agreement, it was clear that if Plaintiff established a *prima facie* case of negligence, the sole negligent actor was Live Nation because Live Nation was required to provide crowd control services on the date of the incident.   The Court determined that under the Services Agreement, Noble was required to provide crowd control services and that therefore, Noble was not entitled to indemnification and attorney's fees as a result of Plaintiff's injuries.   *See* February Memorandum, 17.   It is this conclusion that Noble now asks the Court to reconsider.

## II.     Analysis

### a.     Non-modification clauses can be subsequently modified, but whether the parties modified the non-modification clause in this case is a question of fact for the jury.

Noble argues that the Court should reconsider its ruling in the February Memorandum and apply the standard in *Hovnanian Land Inv. Group, LLC v. Annapolis Towne Ctr. at Parole*, 421 Md. 94, 114 (2011), which provides that a written contract, with a non-waiver clause, can be modified by an oral agreement by mutual consent between the parties.   Noble's Mot. 2-7.   Noble contends that in this case, there is enough evidence that shows that the parties agreed to a change in the scope of services Noble was required to provide.   *Id.* at 5.   Noble explains that starting in April 2012, Noble was told by Live Nation that the latter was going to take over all security operations at the Fillmore, Silver Spring and that Noble would remain in the premises as consultant for six months.   *Id.* at 6.   In this consulting role, Noble was supposed to provide no security guards, and just provide three to four consultants.   *Id.*   Live Nation was supposed to employ the security guards for the events.   *Id.*   In its consultant role, if Noble observed an issue with the crowd, it was supposed to report it to the Fillmore Silver Spring's Operations Manager,

and not take any direct action (i.e., ejecting patrons). *Id*. Therefore, Noble argues, on the date of the alleged incident, the Fillmore Silver Spring and Live Nation were the two parties responsible for crowd management. *Id*. at 7.

In its opposition, Live Nation argues that Noble's Motion for Reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Live Nation's Opp., ECF No. 60, 2-4. Live Nation contends that Noble's Motion for Reconsideration should be denied because it does not raise any grounds under Rule 59(e) such as for the Court to account for new evidence, or a change in controlling law. *Id*. Live Nation further claims that *Hovnanian* is distinguishable because: (1) *Hovnanian* addresses the narrow issue of whether contractual requirements can be waived by the contracting parties' mutual non-compliance with a condition precedent to a purchase agreement prior to closing on the sale of the property; and (2) the holding in *Hovnanian* is limited to a factual scenario where the parties' oral agreements and/or actions can waive a condition precedent notwithstanding an explicit non-waiver clause in the contract. *Id*. at 4-5. Live Nation asserts that unlike in *Hovnanian*, the Services Agreement in this case did not have a non-waiver clause; instead, it contained a clause requiring that any change or modification to the agreement had to be in writing. *Id*. at 5. Additionally, Live Nation argues that under Maryland law and cases such as *Hovnanian*, mutual knowledge and acceptance is required in order for there to be a modification of a written contract. *Id*. In this regard, Live Nation argues that the testimony of Edward Gilmore, Noble's Director of Security for the Fillmore, does not provide evidence of "mutual assent" and does not prove Live Nation's intent to modify the Services Agreement. *Id*. at 6. Live Nation further claims that Noble's argument that Live Nation took over all security operations "directly contradicts the clear, unequivocal language of the contract" which required Noble to provide crowd management services, including crowd control. *Id*. Finally, Live Nation claims that this

Court properly found, and Noble does not dispute, that no written instrument amended the Services Agreement and the agreement was not ambiguous. *Id.*

In its Reply, Noble argues that correspondence from Live Nation's Manager and Corporate Designee, Stephanie Steele, and correspondence from Live Nation's Operational Manager, Jackie Lewis, modified the Services Agreement. Noble's Reply, ECF No. 66, 1-2. Further, Noble asserts that Live Nation "mutually and intentionally waived the clause requiring that any modifications be in writing." *Id.* at 2. Noble also states that Live Nation "unilaterally changed the Services Agreement" and that Noble had no choice but to accept it. *Id.* As a result of these changes, Noble argues, it went from employing twenty to twenty-five security guards to a mere consulting role employing three individuals at the concerts. *Id.* at 2-3. Noble also asserts that the cases Live Nation cites to in its Opposition, *Myers v. Kayhoe*, 391 Md. 188 (2006) and *DIRECTTV, Inc. v. Mattingly*, 376 Md. 302 (2003) are distinguishable. *Id.* at 3. Noble claims that this Court should reconsider its February Memorandum in light of Live Nation's actions: it took steps to fulfill what was once Noble's sole role, and its employees (Ms. Steele and Ms. Lewis) confirmed these acts over email. *Id.* at 4.

Plaintiff argues that the Court should deny Noble's Motion for Reconsideration but clarify some points. Plaintiff's position is that the February Memorandum was correct in concluding that a reasonable jury could find that Plaintiff did not assume the risk, and was not contributorily negligent. Pl.'s Opp., ECF No. 59, 6. Plaintiff also claims that the Court correctly denied Noble's motion for summary judgment on its cross-claim, and that the Court correctly granted Live Nation's motion as to Noble's cross-claim. *Id.* However, it is Plaintiff's position that the Court should make clear what issues it did not decide in the memorandum. *Id.* at 8. First, Plaintiff points out that the Court did not decide whether Live Nation was liable to Plaintiff and that a jury could find it liable. *Id.* Second, Plaintiff points out that the Court did not decide

whether Live Nation might (or might not) be entitled to indemnification from Noble in the event

that both Defendants are found liable, an issue that was not raised in the original motions for

summary judgment.  *Id.* at 9.  Third, Plaintiff points out that the Court did not decide whether, or

to what extent, either Defendant might be liable to the other for contribution.  *Id.* at 9.  Finally,

Plaintiff asks the Court to convene the parties to set a trial date.  *Id.* at 11.

  In response to Plaintiff's Opposition, Noble maintains that it is not liable for Plaintiff's

injuries, that it does not owe Live Nation indemnification, and that Live Nation was solely

responsible for providing crowd control services.  Noble's Reply, ECF No. 65, 3-4.  Noble

reiterates that there is no dispute of fact that Live Nation understood that the Services Agreement

writing requirement clause had been waived or satisfied by email correspondence from Live

Nation's employees, and modified by the parties' mutual actions and consent.  *Id.* at 4.  Noble

also contends that on the day of the incident, it had a consulting role and therefore, it cannot be

negligent as a matter of law jointly with Live Nation.  *Id.* at 5.

  The Federal Rules of Civil Procedure do not recognize motions for "reconsideration.[1]"

*Ngatia v. Dep't of Pub. Safety & Corr. Serv.*, No. WDQ-14-0899, 2015 WL 7012672, at *2 (D.

Md. Nov. 12, 2015).  However, "a party may move to alter or amend a judgment under [Fed. R.

Civ. P.] 59(e), or for relief from a judgment or order under [Fed. R. Civ. P.] 60(b)."  *Id.*  "A

motion to alter or amend filed within twenty eight (28) days of the judgment is analyzed under

Rule 59(e); if the motion is filed later, Rule 60(b) controls."  *Id.*  In this case, Noble filed the

Motion for Reconsideration nine (9) days after the February Memorandum was filed; therefore,

Rule 59(e) governs.

  "Under Rule 59(e), the Court will grant a motion to alter or amend an earlier judgment

'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

---

[1] Local Rule 105.10 contemplates such motions as being within the actions contemplated under various provisions of the Federal Rules of Civil Procedure.

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Id.* (citing *Pac. Ins. Co. v. Am. Na'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)).  "Rule 59(e) allows the district court to correct its errors and thereby avoid burdening the parties and appellate courts with unnecessary appellate proceedings." *Id.* (citation omitted). "'Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.'" *Id.* (citation omitted).

Although motions for reconsideration are disfavored, in this case the Court grants the motion to correct an error of law.  The Court acknowledges that there is dicta in *Hovnanian* supportive of the conclusion that parties can modify non-modification clauses, such as the one in the Services Agreement, with their actions and statements.  *See Hovnanian*, 421 Md. at 114-22. As Live Nation highlights, the holding in *Hovnanian* is specifically about non-waiver clauses. *Id*. at 121-122 (". . . [W]e agree with the Court of Special Appeals that a party may waive, by its actions or statements, a condition precedent in a contract, even when that contract has a non-waiver clause.")  However, it is relevant here that the Court of Appeals of Maryland, in its analysis, referred to modification clauses and non-waiver clauses interchangeably.  *See id*. at 118 ("Since *Pelton*, Maryland courts have consistently reaffirmed that a party can modify or waive contractual provisions despite a provision purporting to limit those abilities. . . . The Maryland approach, moreover, is consistent with the universal approach of commentators to disfavor strict adherence to non-waiver or non-modification clauses.").  Additionally, the Court of Appeals of Maryland reached its holding about non-waiver clauses by first discussing non-modification and non-waiver cases where it had concluded that non-modification or non-waiver clauses could be modified by the parties' conduct and mutual consent.  *See id*. at 114-18 (where the Court of

Appeals of Maryland discusses for example, *Freeman v. Stanbern Const. Co.*, 205 Md. 71 (1954)

(non-modification clause case), *Pumphrey v. Pelton*, 250 Md. 662 (1968) (non-waiver clause

case)).

Although the Court acknowledges that parties can waive non-modification clauses

through their conduct, the Court concludes that whether the parties' conduct in this case

amounted to modification is a question of fact that cannot be decided as a matter of law.

"[W]hether subsequent conduct of the parties amounts to modification . . . of their contract is

generally a question of fact to be decided by the trier of fact." *Hovnanian*, 421 Md. at 122

(citations omitted).  Determining whether the parties meant to modify the Services Agreement is

a highly factual inquiry, where the totality of the party's actions has to be assessed, including

their communications and intent.  *Id*. at 122-24.  The Court does not conclude that this is one of

the "uncommon" cases in which the issue of modification can be resolved by summary

judgment.  *Id*. at 124.  For this reason, the Court grants Noble's Motion for Reconsideration but

concludes that the issue of modification is a jury issue that cannot be decided by the Court as a

matter of law.

### b.   Noble's Motion for Clarification of the February Memorandum is Granted.

Noble also requests the Court to clarify its February Memorandum where it argues it

suggested that Noble was negligent as a matter of law, and where it appears to grant Live Nation

summary judgment on its cross-claim even though Live Nation did not move on its cross-claim.

Noble's Mot. 7.  As a result of the analysis in the previous section, the Court cannot conclude

that if Plaintiff established the elements of negligence, that the liable party would be Noble.

### c.   The Court treats Live Nation's Request for Judgment on the Pleadings as a Motion for Summary Judgment and this Motion is Denied.

In its opposition, Live Nation requests judgment on the pleadings as to its cross-claims

against Noble under Fed. R. Civ. Pro. 12(c) and the February Memorandum.  Live Nation's Opp.

7.  Specifically, Live Nation argues that since the Court established that Noble was contractually responsible for providing crowd services, the Court should grant judgment on the pleadings in its favor.  *Id*. at 8.

Plaintiff opposes Live Nation's request arguing first that there is no motion for the Court to decide.  Pl.'s Opp. ECF No. 63, 2.  Second, Plaintiff argues that Live Nation's request is untimely because this request would delay the trial and because this request should be construed as an untimely motion for summary judgment.  *Id*. at 2-3.  Even assuming it is a timely motion for judgment on the pleadings, Plaintiff contends, there are disputes of fact on Live Nation's cross-claim that make this motion inappropriate.  *Id*. at 3.  Third, Plaintiff claims that a Rule 12(c) motion assumes the truth of all relevant allegations in the pleadings, yet Live Nation's request is premised on its view of the evidence.  *Id*. at 4.  Fourth, Plaintiff argues that even if the request is construed as a timely motion for summary judgment, this motion should be denied as to Live Nation's cross-claim for indemnification because a reasonable jury could find that both Live Nation and Noble were negligent.  *Id*. at 5.  Additionally, Plaintiff argues that this motion should be denied as to Live Nation's cross-claim for contribution because if both Defendants are liable, the question would be to what extent each Defendant was responsible for Plaintiff's injuries, an issue that cannot be decided as a matter of law.  *Id*. at 5-6.

In its opposition, Noble makes similar arguments to those made by Plaintiff.  Noble opposes Live Nation's request arguing that it should be denied because, first, the form of the request is improper on its face.  Noble's Opp., ECF No. 64, 2.  Specifically, Noble argues that Live Nation did not submit a motion or memorandum in support of its request, as required under Local Rule 105, and instead included its request as part of its opposition to Noble's Motion for Reconsideration.  *Id*.  Second, Noble claims that Live Nation's request should be treated as a motion for summary judgment on its cross-claim against Noble and ruled untimely.  *Id*. at 3-4.

8

In this respect, Noble contends that a motion under Fed. R. Civ. P. 12(c) would be appropriate if there is no dispute of ultimate facts contained in the pleadings. *Id*. at 3. In this case, Noble argues, there are "a few disputes of fact on the face of the pleadings," and as a result, the request should be treated as a motion for summary judgment, which should have been filed by the dispositive motions deadline on August 30, 2015. *Id*. at 4. Additionally, Noble claims that even if the request is considered as a motion for judgment on the pleadings, this request is untimely because Live Nation is making this request approximately seven months after the pleadings were filed in this case. *Id*. at 4-5. Third, Noble claims that under a summary judgment analysis, Live Nation is not entitled to the relief it claims because there is no dispute of material fact that Live Nation was solely responsible for crowd control services and a result Noble does not owe Live Nation any indemnification. *Id*. at 5-6.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Depending on the relief sought, motions under Rule 12(c) can be treated as motions to dismiss under Fed. R. Civ. P. 12(b)(6) or motions for summary judgment under Fed. R. Civ. P. 56. *See Connecticut Gen. Life Ins. Co. v. Feldman*, WMN–14–03670, 2015 WL 4064711, at* 3 (D. Md. July 1, 2015); *Martinez v. K&S Mgmt. Serv.*, PWG-15-223, 2016 WL 808797, at *1 (D. Md. March 2, 2016) (citing *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014)). If the party is seeking "to address a procedural defect or otherwise does not pursue a determination on the merits of the claim, a court reviewing a motion for judgment on the pleadings employs the same standard as a motion to dismiss under Rule 12(b)(6)." *Saul Holdings Ltd. P'ship v. SeraCare Life Sciences, Inc.*, TDC–14–1444, 2014 WL 6791457, at *2 (D. Md. Nov. 25, 2014). If the party is seeking a final judgment on the merits using a [Rule]12(c) motion, the standard should be the same as that for a motion for summary judgment. *Id*. "The key distinction between a

Rule 12(c) motion and a Rule 56 motion is that the court may not consider facts outside the pleadings under Rule 12(c)." *Connecticut Gen. Life Ins. Co.*, 2015 WL 4064711, at* 3 (citation omitted)

The Court will treat Live Nation's request as a motion for summary judgment because Live Nation is seeking a final judgment on the merits.  Under Rule 56, the Court must grant judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The Court views the facts in a light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), but the moving party must satisfy its burden by showing that no genuine factual dispute exists, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  As Noble correctly argues, Live Nation's motion for summary judgment on its cross-claim is untimely because it should have been filed by the dispositive motions deadline, August 30, 2015.  In addition, there are factual questions, such as whether the parties' conduct amounted to a modification of the Services Agreement.  Therefore, Live Nation is not entitled to judgment as a matter of law.

## III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Noble's Motion for Reconsideration, Noble's Motion for Clarification, and **DENIES** Live Nation's Motion.


April 28, 2016                                                    _____/s/_____
                                                                 Charles B. Day
                                                                 United States Magistrate Judge

CBD/yv